**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF**

| | |
|---|---|
| JOVAN RAJKOVIC,<br><br>                    Plaintiff,<br><br>          v.<br><br><br>U STREET PARKING, INC.<br>50 Rhode Island Avenue, NE<br>Washington, DC 20002; and<br><br>SAMEAL D. MOLLA<br><br>                    Defendants. | **Civil No.** |

**COMPLAINT**

COMES NOW, JOVAN RAJKOVIC by and through his counsel, Athan Tsimpedes, Esq., and complains of Defendants U STREET PARKING, INC. and SAMEAL D. MOLLA and states as follows:

**INTRODUCTION**

1.   Plaintiff was a patron of the TATOO BAR and LIMA RESTAURANT located in the 1400 block of K Street, in Northwest Washington DC. JOVAN was talking with his friends outside the establishment when the parking attendant, SAMEAL MOLLA, employed by U STREET PARKING serving the various restuarants and bars in the area  abusively demanded that JOVAN clear away from near the sidewalk. While Plaintiff continued speaking with his friends and other pedestrians, MOLLA in a fit of rage entered into a vehicle that he was parking for the patrons of the TATOO Bar and within the scope of his employment duties, to be used as a projectile, with the intent to strike or cause apprehension of an imminent battery

1

upon Plaintiff. MOLLA sped toward the Plaintiff and his friends, striking Plaintiff intending to kill or maim plaintiff causing severe substantial and permanent injuries to his legs and body requiring emergency medical attention and was brought to the Emergency Room at a local hospital in Washington DC.

## JURISDICTION & VENUE

2.      This Court has subject-matter jurisdiction based upon diversity of the parties citizenship pursuant to 28 U.S.C. § 1331. Plaintiff's claims exceed $75,000.00 exclusive of interest and costs.

3.      This Court has personal jurisdiction over Defendants because Defendants: intentionally avail themselves of this jurisdiction by doing business in and provide services within the District of Columbia; and have committed tortious acts towards plaintiff in this District.

4.       Venue is proper within this District under 28 U.S.C. § 1391 because Defendants regularly transact business or are employed within this District; certain acts giving rise to the claims asserted in this Complaint occurred in this District; and the actions of Defendants alleged in this Complaint caused damages to Plaintiff within this District.

## PARTIES

5.      Plaintiff JOVAN RAJKOVIC is an adult male residing in the Commonwealth of Virginia.

6.      Defendant U STREET PARKING, INC. is a parking management company providing high-end valet parking and other services to various customers in the District of Columbia. USTREET is headquartered at 50 Rhode Island Avenue, NE Washington, DC 20002.

7.      Defendant SAMUEL MOELLA is a resident of the District of Columbia and was employed as a valet for the TATOO bar and/or U STREET. MOELLA was operating a vehicle within his employment duties and for his employer's benefit when he struck the plaintiff.


## BACKGRIOUND FACTS

8.      At all times relevant, U STREET owed a duty of care towards pedestrians and patrons regarding the operation and use of a valet service in the immediate area of the TATTOO bar.

9.      U STREET represents to the public that its valet drivers are highly trained, engaged and motivated and then describes them as "fanatics."

10.      According to its website, U STREET'S mission is to become the country's premier parking facility management organization and offer its VIP's a plethora of first class services delivered by highly trained, engaged and motivated service fanatics at an affordable rate.

11.      U STREET refers to its valet drivers as "service fanatics" who provide the company its competitive advantage. Our entire staff is ready to serve at the honk of a horn! Our service fanatics are **highly trained, engaged and motivated**. Our hiring process is very intense and only the best candidates are awarded employment[1].

**12,      According to its Training and Development, U STREET represents** "with our team of service fanatics being the most essential element of our operation, our CEO requirement is to keep all employees engaged. Our orientation is very intense; it is here that we recognize who has what it takes to be a part of our team. Our training includes but is not limited to vehicle based training and client simulated role plays. From a development

---

[1] See https://www.ustreetparking.com/about%20us.html

perspective our CEO and COO due to their start in the industry from an entry level valet to company executive feel very strong about retention and promoting our associates from within." With such hands on experience and training by its officers, U STREET carefully selects its employees like MOLLA who go through an exhaustive and personal training process.

13.      At all times relevant, U STREET owed a duty of care to train and supervise its employees including valets to properly conduct themselves who come into contact with and operate vehicles for patrons and members of the public.

14.      On April 27, 2013, JOVAN was out with his friends patronizing the area establishments in Washington, DC including the TATTOO BAR.

15.      At all times relevant, Defendant MOLLA was employed and provided parking and valet services to benefit its employer U STREET and its customers and its patrons, with parking their vehicles and was under a duty act according to his training and in a reasonable manner and not to cause harm or injure patrons or members of the public when employed and carrying out his duties as a valet or parking attendant.

16.   On April 27, 2013, at approximately 11:00 pm, Defendant U STREET's employee, defendant MOLLA, acting within the scope of his employment and for his employer's benefit by providing valet services to its customers and patrons aggressively approached Plaintiff and his friends and ordered them to move away.

17.      Apparently, MOLLA without justification, became enraged when JOVAN and his friends, and while acting within the scope of his duties for USTREET entered into a patron's vehicle that was to be valeted near plaintiff and sped towards Plaintiff at high speed in a reckless and malicious manner, intending to and did strike JOVAN, without justification,

warning or notice, causing severe and substantial injuries to his person requiring immediate medical attention and was brought to the emergency room by ambulance and hospitalized.

19.     At all times relevant, MOLLA was acting within the scope of his duties as a valet and parking vehicles for U STREET or its customers or patrons.

20.  While carrying out his employment duties as a valet for U STREET, MOLLA operated a vehicle in an unreasonable and reckless manner that caused severe and substantial injuries to Plaintiff with the intent to do so.

21.     Defendant U STREET knew or should have known about the dangerous propensities of the MOLLA as a valet driver or had the ability to stop MOLLA from the intentional and/or malicious actions towards Plaintiff.

22.     Upon information and belief, the employees hired to park vehicles including MOLLA had a history of causing accidents or injuries or were otherwise not properly trained, managed or supervised on proper vehicle operations and/or handling issues with the public or patrons when parking vehicles.

23.     At all times relevant, U STREET owed a duty of care to the public to properly hire, train, manage, and supervise its employees including MOLLA.

24.     At all relevant times, U STREET owed a duty of care to properly hire, train, manage an supervise its employees or agents, especially ones who come into contact with members of the public or patrons and to act reasonably towards them and/or not cause them harm.

25.     Defendant U STREET knew or should have known that the MOLLA posed dangers to its patrons or members of the public or patrons including Plaintiff.

26.     As a result of the negligence of U STREET in selecting an improper and/or incompetent valet/parking employee, the Plaintiff was severely injured.

27.     As a result of the VALET failure to properly hire, train, manage or supervise its employees or agents, including MOLLA, Plaintiff was hospitalized and suffered severe and permanent injuries requiring extensive surgery and rehabilitation with permanent injuries.

28.     At all times relevant, U STREET owed a duty of care towards Plaintiff and other members of the public who may come into contact with the valet employees or be within the foreseeable zone of danger when parking vehicles, like Plaintiff.

29.     At all ties relevant, Defendant MOLLA was incompetent, ill trained and/or lacked the skills to operate a vehicle without causing injury to patrons or members of the public which also contradicted or falsely represented the high standards and training U STREET allegedly provided and held out to the public of its employees as expressed on its website.

30.     At all times material, Defendant MOLLA was employed by, and/or was an agent of Defendant U STREET. Defendant MOLLA was under Defendant U STREET's direct supervision, employ and control when he committed the wrongful acts alleged herein.

31.     Defendant MOLLA engaged in the wrongful conduct while acting in the course and scope of his employment with Defendant U STREET and/or accomplished the battery of plaintiff by virtue of his job-created authority as a parking attendant or valet.

32.     Defendant U STREET had a duty to supervise MOLLA while he was parking vehicles and interacting with members of the public or with patrons on April 27, 2013.

33.     Defendant U STREET breached that duty when they failed to  exercise ordinary care in supervising Defendant MOLLA on April 27, 2013.

34.     Defendant U STREET failed to prevent the foreseeable misconduct of Defendant MOLLA from causing harm to the Plaintiff.

35.      As a direct result of Defendant U STREET'S negligent conduct, Plaintiff has suffered the injuries and damages described herein

36.      As a direct result of the Defendants' improper and unreasonable conduct described herein, Plaintiff has suffered and will continue to suffer great pain of mind and body, severe pain throughout the day and night, physical deformity and loss of sleep, nightmare, and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries. Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and, on information and belief has incurred and will continue to incur loss of income and/or loss of earning capacity.

**COUNT I**
**NEGLIGENT HIRING AND TRAINING**
**(Plaintiff v. U STREET)**

37.      Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

38.      By establishing, staffing, and/or operating a nightclub and ancillary parking service or valet to patrons, like Plaintiff, and the public, Defendant held the employees, like MOLLA out to be highly trained, safe and to act reasonable while performing their valet or parking duties, and to provide a reasonably safe environment for the public and Plaintiff.

39.     Defendants further assumed this duty by holding MOLLA out to the public, including MOLLA, as a competent and trustworthy parking attendant or valet and employee who was highly trained and supervised by the high ranking officers at U STREET.

40.     As a direct result of Defendants U STREET's negligent conduct, Plaintiff has suffered the injuries and damages described herein.


COUNT II
NELIGENT SUPERVISION AND RETENTION

41.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

42.     At all times, MOLLA was under the direction, supervision and control of U STREET and was otherwise its agent.

43.     At all times, MOLLA was under the direction, supervision and  control of U STREET and was otherwise its agent.

44.     By establishing, staffing, and/or operating a parking or valet service for patrons and the public, and holding the parking service or valet to be of a highly trained and competent employee, who is a safe operator and environment for patrons or the public to be around.

45.     Defendant entered into an express and/or implied duty to provide a reasonably safe environment for patrons, including the Plaintiff.

46.     Defendant further assumed this duty by holding MOLLA out to the public, including Plaintiff as a competent and trustworthy parking attendant or valet who would operate vehicles in a safe and reasonable manner.

47.     U STREET negligently retained and supervised MOLLA when the Defendant knew or should have known that MOLLA posed a threat to the patrons or public.

48.     Upon information and belief, while Defendant MOLLA was an employee and/or agent, and acting as a parking attendant or valet, Defendant U STREET became aware that Defendant MOLLA was unfit to serve as a parking attendant or valet. Despite this information, Defendants U STREET negligently supervised or retained the Defendant MOLLA where MOLLA was able to acts maliciously and operate a vehicle in a reckless and malicious manner to harm Plaintiff.

49.     U STREET was aware that MOLLA was unfit to operate a vehicle or provide parking services when coming into contact with Patrons or the public.

50.     It was foreseeable to the Defendant U STREET, that MOLLA would act unreasonably while operating a vehicle and a forseeable danger to patrons and the public.

51.     Despite this knowledge, Defendant U STREET failed to exercise reasonable care to supervise the Defendant MOLLA.

52.     As a direct result of Defendant U STREET's negligence, Plaintiff has suffered the injuries alleged herein.


**COUNT III**
**INTENTIONAL TORT- BATTERY**
**(Plaintiff v. MOLLA)**


53.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

54.     Defendant MOLLA intentionally and with malice used a vehicle, that he was parking within the scope of his duties of his employer, as a weapon to strike Plaintiff and did cause severe and permanent injuries to Plaintiff requiring immediate medical care and treatment.

**COUNT IV**
**RESPONDEAT SUPERIOR**

55.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

56.     At all times material, Defendant MOLLA was employed by Defendant U STREET as a parking attendant/valet parking vehicles for patrons or public on the date Plaintiff was injured as alleged herein outside of the premised of U STREET.

57.     Defendant MOLLA was under Defendant U STREET's direct supervision, employ and control when he committed the wrongful acts alleged herein.

58.     Defendant MOLLA engaged in this conduct while acting in the course and scope of his employment with the Defendant U STREET, while serving as an agent of U STREET and/or accomplished the intentional striking of Plaintiff with the vehicle by virtue of his job-created authority and duty. Therefore, Defendant U STREET is liable for the wrongful conduct of Defendant MOLLA under the law of vicarious liability, including the Doctrine of Respondeat Superior.

59.     As a direct result of conduct described herein, Plaintiff has suffered the injuries and damages described herein.

60.     As a direct result of the Defendants' conduct described herein, Plaintiff has now realized that he has suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries. Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and

obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and, on information and belief has incurred and will continue to incur loss of income and/or loss of earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly, and severally in an amount in excess of $50,000 plus costs, disbursements, reasonable attorneys fees, interest, and such other and further relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and enter an order and judgment against Defendants, jointly and severally, upon each count of the Complaint as follows:

1.  Judgment against Defendants, jointly and severally, on all counts, for:

    a.    Compensatory damages, including great pain and suffering of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries. Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and, on information and belief has incurred and will continue to incur loss of income and/or loss of earning capacity in an amount to be determined at trial but no less than ONE MILLION DOLLARS; and

    b.    Punitive damages to be determined at trial but no less than THREE MILLION DOLLARS.

2.    Award attorneys' fees and costs; and

3.       Grant such other and further relief as the Court may deem just and equitable.


## DEMAND FOR JURY

Plaintiff demands trial by jury on all issues


BY:

       /s/Athan T. Tsimpedes, Esq.         Dated:      April 27, 2016
       Tsimpedes Law Firm                        Washington, DC
       DC Bar No. 452341
       1200 New Hampshire Avenue, N.W.
       Suite 725A
       Washington, D.C.  20036
       Ph: 202-464-9910
       Fax: 202-747-2947
       att@tsimpedeslaw.com